**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Fernando Sanora, | ) No. CV 16-0747-TUC-RM (LAB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Felipe Martinez, Warden, | ) |
| Respondent. | ) |

Pending before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, filed on November 29, 2016. (Doc. 1) The petitioner, Luis Fernando Sanora, objects to the Bureau of Prisons' refusal to grant him 22 months of sentencing credit.

The respondent, Felipe Martinez, filed an answer opposing the petition on February 13, 2017. (Doc. 10) Sanora filed a reply on February 20, 2017. (Doc. 13)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for a Report and Recommendation. The petition should be denied on the merits.

Summary of the Case

On June 8, 2010, Sanora received a 50-month sentence of imprisonment plus three years' supervised release in the District of Arizona for Possession of Firearms and Ammunition by a Convicted Felon. (Doc. 10-2, p. 3)

On August 17, 2012, he was sentenced in the Southern District of Illinois for Conspiracy to Distribute Marijuana. (Doc. 10-2, p. 3) The judgment reads in pertinent part as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
>
> 338 months. This terms consists of a term of 360 months, from that the Court will grant credit for 22 months served on a related state [sic] case imposed in Docket Number 4:08CR01100-001-TUC-FRZ, in the District of Arizona. The term of imprisonment imposed by this judgment shall run concurrently with that imposed in the District of Arizona.

(Doc. 10, p. 3)  This paragraph appears on page 2 of the judgment in the section entitled "Imprisonment."  (Doc. 10-2, p. 17)  Afterwards there are sections entitled "Supervised Release,"  "Standard Conditions of Supervision," "Additional Supervised Release Terms," "Criminal Monetary Penalties," and "Schedule of Payments." *Id*., pp. 18-21

On September 4, 2013, the Illinois court reduced Sanora's sentence on motion by the government to 150 months. (Doc. 10, p. 2) The court's order further explained that, "All other terms and conditions remain the same." *Id*.

On May 11, 2015, the Illinois court granted Sanora a second reduction.  (Doc. 10, p. 3) His sentence was reduced "from 150 months to 100 months." *Id*.  The order explained that, "Except as otherwise provided, all provisions of the judgment dated 08/17/2012 shall remain in effect." *Id*.

Sanora filed a motion for clarification arguing that his new 100-month sentence should be credited with the 22 months previously served in the Arizona case.  (Doc. 10, p. 3)  In the alternative, he requested that the court amend its judgment and give him a sentence of 78 months. *Id*.  The sentencing court dismissed the motion stating it had no authority to give him credit for time served because that authority is vested in the Attorney General or in its designee, the Federal Bureau of Prisons (BOP). *Id*.  The court did not explicitly explain why it would not amend its judgment.  (Doc. 10-2, pp. 23-24)

The BOP's records indicate that Sanora is now serving a 100-month sentence that commenced on August 17, 2012, the date he was originally sentenced by the Illinois court. (Doc. 10, pp. 3-4)  He has not been given credit for time served.  Sanora objected administratively to the BOP's sentencing calculation but without success. (Doc. 10, p. 4)

1    On November 29, 2016, Sanora filed the pending petition for writ of habeas corpus
2  pursuant to 28 U.S.C. § 2241 challenging the BOP's sentencing calculation. (Doc. 1) He
3  argues this court should grant the petition, direct the BOP to run Sanora's sentences for the
4  Arizona and Illinois convictions concurrently, and credit him with the 22 months he was in
5  custody for the Arizona conviction. *Id.* In the alternative, he argues the court should amend the
6  Illinois judgment to reflect a sentence of 78 months. *Id.*

7    The respondent filed an answer on February 13, 2017, in which he argues the petition
8  should be denied on the merits. (Doc. 10) Sanora filed a reply on February 20, 2017. (Doc.
9  13)

10    The court finds that the petition should be denied on the merits.

12    Discussion

13    In the pending petition, Sanora objects to the BOP's refusal to award him 22 months of
14  sentencing credit. A habeas petition pursuant to 28 U.S.C. §2241 is appropriate where a federal
15  prisoner challenges the execution of his sentence rather than the legality of the underlying
16  conviction. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

17    Sanora argues first that he is entitled to a credit of 22 months on his 100-month sentence
18  because the sentencing court ordered that "Except as otherwise provided, all provisions of the
19  judgment dated 08/17/2012 shall remain in effect." (Doc. 10, p. 3) He maintains that the term
20  "provisions of the judgment" refers to the 22-month credit that the sentencing court explicitly
21  incorporated into his original sentence. The respondent argues that the term "provisions of the
22  judgment" refers instead to the "pages of terms and conditions relating to supervised release,
23  standard conditions of supervision, additional supervised release terms, criminal monetary
24  penalties and schedule of payments." (Doc. 10, p. 8) It is instructive to examine the sentencing
25  court's order granting the reduction.

26    The order explicitly grants the defendant's motion for reduction and states that the
27  "previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of 150
28  months is reduced to 100." (Doc. 12, p. 6) (italics in original) Then, there is a spacing gap

after which there appears the following statement: "Except as otherwise provided, all provisions of the judgment dated 08/17/2012 shall remain in effect." *Id.* Based on the structure of the order, it appears that the phrase "provisions of the judgment" refers to whatever comes after that section of the judgment stating the term of imprisonment. The phrase must refer to those provisions that follow the original sentence of 338 months, such as the 5-year term of "supervised release," "standard conditions of supervision," "additional supervised release terms," "criminal monetary penalties," and "schedule of payments." (Doc. 10-2, pp. 17-21) It does not refer to the court's exposition on its reasoning behind the sentence. It does not refer to either the 22-month correction or the hypothetical 360-month sentence that was the subject of that correction.

The defendant brought this issue to the attention of the sentencing court in his motion for clarification. (Doc. 10-2, pp. 23-24) The sentencing court was appraised of the issue and declined to issue an order amending the judgment to 78 months. *Id.* It appears, therefore, that the sentencing court wanted Sanora to have a sentence of 100 months, not 78 months.

Sanora argues in the alternative that he should be given a credit of 22 months because the sentencing court wanted the two sentences to run concurrently and the 50-month Arizona sentence had already run for 22 months when the 100-month Illinois sentence was imposed.[1] Essentially, he argues that for two sentences to run concurrently, the sentencing calculation must operate as if the two terms had the same starting date. And if you "backdate" the 100-month sentence to the start of the Arizona sentence, it would expire 78 months later. Sanora reasons that his sentence will expire at the proper time if he gets a 22-month credit on his 100-month term. This court does not agree with Sanora's interpretation of the term "concurrent."

A sentence can run concurrently with an unexpired portion of a previously imposed sentence, but it cannot run concurrently with that part of a previously imposed sentence that has already run. A sentence starts when the defendant is taken into custody to serve that sentence,

---

[1] The BOP believes the first sentence had run for 26 months and 9 days when Sanora was sentenced by the Illinois court. (Doc. 10, pp. 3-4) The parties do not explain this discrepancy.

and not before. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."); *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) ("[A] federal sentence cannot begin *before* the defendant has been sentenced in federal court.") (emphasis in original).

The sentencing court apparently knew all that when it imposed the 338-month sentence to begin with.  The court knew that if it imposed a 360-month sentence, that sentence would begin when it was imposed, August 17, 2012, and expire 360 months later.[2]  Sanora would not get a 22-month credit for the time he already served, because that portion of his incarceration was credited to another sentence – the Arizona sentence. *See* 18 U.S.C. § 3585(b).  So, to make sure Sanora was released after 338 months, the court explicitly gave him a 338-month sentence. It would be as if he had a 360-month sentence that started at the same time as the Arizona sentence. *See, e.g.*, *United States v. Gonzalez*, 192 F.3d 350, 355 (2nd Cir. 1999) (The court improperly "backdated" a sentence instead of explicitly subtracting the time served in a parallel case in accordance with U.S.S.G. § 5G1.3(b) and application note 2.).

Later, the court reduced Sanora's sentence to 100 months.  The court knew that the reduced sentence would start when the Illinois sentence was originally imposed, August 17, 2012.  The court also knew that Sanora would not get credit for the 22 months.  But the court gave Sanora a sentence of 100 months, not 78 months.  This was not an oversight.  If it was, the court would have granted Sanora's motion and amended its judgment. *See* (Doc. 10-2, pp. 23-24)

Sanora's Illinois sentence is running concurrently with the Arizona sentence as that term was understood by the sentencing court and in accordance with the applicable statutes.  The BOP's sentencing calculation is not error.  Sanora's petition should be denied on the merits. *See, e.g., United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) ("The sentences could not be concurrent in the sense of having the same starting date because a federal sentence cannot

---

[2]  The court need not consider the availability of "good time" sentencing credits.

1  commence prior to the date it is pronounced, even if made concurrent with a sentence already
2  being served.").

3

4          RECOMMENDATION

5          The Magistrate Judge recommends that the District Court, after its independent review
6  of the record, enter an order denying the petition for writ of habeas corpus filed on November
7  29, 2016.  (Doc. 1)

8          Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within
9  14 days of being served with a copy of this Report and Recommendation.  If objections are not
10 timely filed, they may be deemed waived.  The Local Rules permit a response to an objection.
11 They do not permit a reply to a response without the express permission of the District Court.

12

13         DATED this 16th day of March, 2017.

14

15                              _Leslie A. Bowman_____
16                                   Leslie A. Bowman
17                                United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28